172928. Good morning, Your Honors. May it please the Court, my name is Elizabeth Johnson, and I'm representing Appellant Erdo Kiyomizu in this appeal. Mr. Kiyomizu is challenging his conviction on the grounds that there was an inadequate   factual basis for guilty plea, and it's important that we remember that this isn't a technical violation. The lack of an adequate factual basis, as this Court has repeatedly held, goes to the fundamental nature of whether the plea is voluntary or not. In what respect do you think it was inadequate? Yes, Your Honor, it was inadequate in that it didn't establish conspiratorial intent. Mr. Kiyomizu was charged with conspiring to export to Iran without a license. In his allocution, he said clearly he knew, he learned at some point, that the product, cobalt powder, was going to be sent to Iran. He never says, I agreed to assist in this. He never says, I intended to. Didn't the record reflect that he was dealing with the Turkish middleman, that at least with respect to the second shipment, he knew where it was going, and that in the course of this, he dealt with the middleman to get these goods to Iran? But that's not enough. The Supreme Court held almost 100 years ago that merely knowing that what you're doing is going to assist in an illicit enterprise and doing it anyway, it's going to assist in the furtherance of an illicit conspiracy, isn't enough. That's Falcone. In Falcone, people sold product that they knew was going to be used in an illegal distillery. And the Supreme Court said very clearly, you may know that your conduct is helping these people further their illegal conspiracy, but until you agree to participate in that conspiracy and you intend to further it, you're not guilty. And in this case, Mr. Kiyomizu never said anything like that. He knew it was happening. He didn't stop it from happening. He never adopted it as his goal. What is the minimal evidence that you would agree would show agreement on his part? It would have been simple enough if the trial court had said to him, did you agree with Mr. Singhi to further this sale to Iran? And it was never asked, and he never said that. Didn't the prosecutor say at one point whether he facilitated the sale of the cobalt powder when he was aware that the ultimate destination would be Iran? He did, yes. The question was asked whether or not... Did he acknowledge that he facilitated the sale at the time that he knew that the destination was Iran? And that's exactly the same thing as the defendants in Falcone. They facilitated illegal distilleries, knowing that they were illegal, but they never intended or joined in the conspiracy to do that. Conspiratorial intent is very specific. Joining in the conspiracy, but I also have to agree that the conspiracy is a good thing? No, but you have to want the conspiracy to succeed, and Mr. Kiyomizu never says that's his goal, that's his intent, that's his agreement. He knows it's happening, and he can't stop it. It has to say, I want the conspiracy to succeed? It has to say it was my intent that the conspiracy achieve its goal, yes. Spiegel had participated in the conspiracy all along, but if in his private thoughts he did not really want it to succeed, there would not be substantial evidence for a conspiracy. I think no one ever... the problem that we have here is that the record is so unclear. No one asked the question. Exactly, and it is the trial court's obligation to ensure that there's an adequate factual basis here, and again, the cases are... Do you think the plain error review applies here? Yes, it does, Your Honor, but I think that it's important that when we're looking at the plain error that we know what the question is, and the question isn't, was Mr. Kiyomizu probably guilty anyway? The question is, if he had known that what he was saying didn't make out an adequate factual basis, is there a reasonable probability that he would not have pleaded guilty? And I would point out that there are, I think, no cases, at least I have not found them, in which the lack of an adequate factual basis has been considered plain error because it goes so clearly to the defendant's fundamental choice. Can we not in this context consider the fact that the district court itself explained what the charge offense required, that is, that he knowingly and willfully joined a conspiracy? That's a different requirement, Your Honor. It is required that the defendant adequately understand what he's charged with, but it is also required that the facts that he admits make out an adequate factual basis. Obviously, the two relations are intertwined. If you're not adequately advised... And I wonder if on plain error review, we can't consider that fact. I'm not saying you can't. I'd never tell the court it couldn't consider that fact. But I do think that what we're talking about is, what would this defendant have done? So on plain error review, we can consider the entirety of the record. In determining whether the error is plain, the entirety of the record is to be considered, yes, Your Honor. But the question, again, the important question is, what does it tell us about what Mr. Kiyomizu would have done had he been adequately advised? And again, it's almost... Well, after the plea allocution, and this may raise other issues, but after the plea allocution, it seems to me that his counsel repeatedly acknowledged that he had admitted to, as a factual and legal matter, to the conspiracy. Sure. But at that point, that counsel is operating with a judge who's ruled that the facts that Mr. Kiyomizu admitted were a conspiracy. Can we consider that fact, though, in connection with determining whether or not Mr. Kiyomizu's substantial rights were violated? I think, again, I think the court can consider anything in the record. But again, the important question is, what would Mr. Kiyomizu have done? Not what his counsel would have advised him, not what we think would have been the smart decision. There may be other issues, but... Yes. What is it on this record that tells us that he would not have fled, particularly given his counsel's repeated statements? Correct. I think there's two things. One of them is that his allocution itself was very, very limited, and that he said very clearly, I didn't stop it. He doesn't talk about agreeing or joining in or intending. The other thing is that in the further proceedings, they're further complicated by the fact that the district court a few times seems to suggest that there's a question as to whether he's adequately accepted responsibility, and again suggests that he may lose his acceptance of responsibility points if he doesn't admit to more things, if he doesn't admit to earlier knowledge. And he refuses. He does not testify at the FATICO hearing. He consistently takes a position that this is all he did. He never goes any further than that, even when the court has said pretty clearly to him, you are possibly going to get a higher sentence if you don't do this. The court conducts the FATICO hearing and makes findings. Correct. Right? Of course. So the district court says, I have all these emails where he's trying to look for subterfuge for the conspiracy by coming up with a dummy destination to claim that it's not really going to Iran when sailors are asking the ultimate destination, and so the district court finds that he knew that it was going to Iran all along and participated in this kind of cover-up. Is that not enough evidence that it would be reasonable to infer that he was participating willfully in the conspiracy? It would be, but that's not the question that we need to determine on the plain error review. It's not, was he guilty or was he probably going to get convicted at trial? It's what decision would he have made, even if it's a stupid one? The Supreme Court has said very clearly that even if it is a foolish decision, it is the one that the defendant gets to make. This is perhaps the most momentous decision that any criminal defendant makes in an entire case, is whether to plead guilty or not. And what we're saying, what I'm saying here, and the reason the adequate factual basis is so important is that we want defendants to know what they're doing and have a full knowledge of what their choices are when they make that decision, even if they ultimately make one we think is bad. They get to do that. That's an important part of our criminal justice system, and I would argue it's maybe one of the most important parts of our criminal justice system. Thank you very much. You've reserved two minutes for rebuttal. Yes, thank you, Your Honor. We'll hear from the government. May it please the Court. I'm Assistant United States Attorney Sarita Kamadi Reddy, and I represent the government on appeal. I'd like to address three points the defense counsel, the defendant's appellant's counsel made here a few moments ago. First of all, counsel claimed that there is nowhere in the record that shows that the defendant admitted that he not only was aware but intended to further the conspiracy. That is not true. I would point the Court to the government's appendix at page 40 and 41. I agreed knowingly and willfully completed the shipment. Yes, Your Honor. I think her point is he didn't say, I agreed to do that, and he was charged with a conspiracy. Your Honor, I think, first of all, in a conspiracy the agreement can be implicit. Second of all, I think the factual elocution that supports the plea is exactly that. It is facts from which the Court can infer guilt. The defendant does not need to... Would you agree that it would have been better, it would have solved this problem if the plea elocution had included the word agreement when he's charged with a conspiracy or conspired? I agree that it would have been error, Your Honor, but to the extent that there's ambiguity, it's not plain error. And I think there's a couple of points that are worth emphasizing here. One is in that sentencing memorandum, in the footnote, the defendant goes on to explain exactly why he continued the transaction after becoming aware that, in fact, the shipment was going to Iran. He says if he were not to do that, his supplier would have been left with a stock of cobalt powder he didn't need. And so there's no ambiguity when you consider the record as a whole, and even just in the record of the plea elocution, that he became aware of the shipment to Iran, and then he continued the actual shipment. There are actions that happen afterwards. Second, the comparison the defense counsel is making to the Supreme Court's decision in Falcone is not opposite here. In Falcone, that case involved conspiring to violate the revenue laws by operation of illicit stills. In other words, the substantive object of the crime in that case was the operation of illegal stills, and the defendant was charged with conspiring with that operation because he supplied those stills. The crime, though, was the operation of the stills. Here, the crime is agreeing to export. The shipping itself constitutes the crime. Exporting goods through a third country to Iran is illegal, and agreeing to do so is illegal. And so the nature of the conspiracy is different, and Falcone is not opposite. The third point I wanted to make, Your Honor, is the question of whether this affects the substantial rights of the defendant. Counsel argues that when you consider the record as a whole, it's not clear whether the defendant still would have pled guilty. We submit that it is. There's every indication in the record that he still would have pled guilty. From the beginning of the plea allocution, when the prosecutor follows up and asks the defendant to allocute with more clarity that he facilitated the sale at that time, that he was, in fact, aware the shipment was going to Iran, he could have said no at that point. He could have backed out at that point. He could have consulted with counsel at that point and taken a break. None of those things happened. As the Court has already noted, he repeatedly admits in his PSR objection letter in the sentencing memorandum that he was knowingly involved in one transaction, that he takes responsibilities for those actions, and counsel repeatedly claims and asserts that his client meets the elements of the charge and declines to relitigate that charge. Those are all knowing decisions, and they make sense because the defendant's strategy in this case was to admit to one transaction and then claim that that was the only one transaction with which he was knowingly and intentionally involved. And so if the defendant had admitted to knowing from the beginning of that transaction versus the middle of that transaction, it actually would have made no difference in his guidelines range and how, and all the considerations that the district court would have been taking into account at the sentencing. And so there's no reason to think that his decision to plead guilty would be different. For all those reasons and the reasons set forth in our briefs, the government asks that the guilty plea and the conviction and judgment in this case be affirmed. Have you actually said anything as a court about Falcone that relates to this particular issue? Your Honor, I don't know that off the top of my head. If the court would require further briefing on that matter, we can submit it. Thank you very much. Thank you, Judge. Very briefly, thank you, Your Honors. I think the distinction that's being suggested in Falcone isn't an actual distinction. You can supply drugs and you're part of the conspiracy to sell the drugs. The fact that this is a different object doesn't change the fact that the Supreme Court said pretty clearly, knowing and helping isn't enough. It doesn't matter if you're doing something that's tangential to the enterprise, right? So if I hail a cab on my way to rob a bank, it's not clear that the cab driver, even if I tell him where I'm going, is part of the conspiracy. But that's different than if somebody's participating in the robbery but privately says, well, I didn't really want it to succeed and so therefore I haven't made an agreement to conspire. Right? I don't think it's tangential to provide the supplies that are essential to the illegal distillery. If you don't have the supplies, you can't distill anything. And that wasn't at all the distinction that went on there. You can't rob the bank either, right? You could walk. But I think that the distinction is not a significant one and it's certainly not what the Supreme Court went on. So the district court here, again, just to go back to the back and forth before your client's actual pre-allocution says or tells him that the charge requires an agreement to violate the law and he says, I understand that. On plain error of review, can we not consider that fact? Absolutely. And that goes to whether he understood. So if you say absolutely, then why is this, why are you appealing? What was established there was what he understood the charge to be. He then never said. The charge to which he is going to plead guilty. Well, the question I think then would be, can you ever be adequately advised and not provide an adequate factual basis? And the answer is you can. No, but the problem seems to me is that we're on plain error of review. And you've already acknowledged that we can review any part of the record to make, you know, to affirm or not. But here we've got the district court specifically saying that the charge to which he is about to plead guilty requires an agreement to violate the law. And he says, I understand that. And then he pleads guilty. So on plain error of review, why can't we consider the warnings that the district court and the description of the charge that the district court provides in determining whether plain error exists here? But then the question is, why did he not say, I agreed, and why was he not asked whether he agreed? He didn't say he agreed, maybe because he doesn't think that he did. Plain error of review, I guess, washes all that away is what I'm suggesting to you. Again, I think the problem is, and this has been a strand that's run through the government's case to some extent also, is the problem is figuring, is that you're really limited to trying to understand what this defendant was thinking. And I do think that if he were informed very clearly, which he was, that agreement was part of the crime, and it takes a while because he has a hard time with conspiracy. They go over it for a while. Not unusual. And then he does not say, I agreed, and that I intended, and I agreed, and I was working with Mr. Singh. He doesn't say any of these things. He says, I learned about it, and then things continued to happen. Do you have to say the words, I agree, or can the district court satisfy itself there's a factual basis for the plea based on his conduct and say, given this conduct, I think  Theoretically, I mean, as a matter of law, could you? Yes. Was it justified by the fact that he said here? I don't think so. The problem is that it's very difficult to separate in our minds, I think, the factual allocution from the stuff that happened later. And the fact is, nothing in this allocution about this particular transaction talks about specifically agreeing with Mr. Singh, or dealing with Mr. Singh, or what he does, or any of that kind of stuff. He has a very long preamble about things that he did in other transactions, but there's almost nothing about the actual transaction that is the basis for the plea. All right.